### 7472. SOUTHERN BANK & TRUST COMPANY *v.* SELLERS.

Under the agreed statement of facts, in which it is stated that the draft was placed by the drawer with the payee, the Bank of Whigham, "to be collected and credited to his account," and was sent by that bank to the Southern Bank and Trust Company "for collection and credit," an agency to collect for the drawer was created, and the title to the draft did not pass from him; and the latter bank did not, by crediting the draft to the first bank and advancing money for that bank to another bank, become entitled to recover therefor from him, after insolvency of the first bank and after payment of the draft was refused by the drawee under direction of the drawer.

DECIDED SEPTEMBER 21, 1916.

Complaint; from city court of Cairo—Judge Willie. April 19, 1916.

The Southern Bank & Trust Company sued O. D. Sellers upon a draft drawn by him on the Pelham Oil & Fertilizer Company, payable to the Bank of Whigham. The petition alleged, that the

plaintiff advanced to the payee the amount of the draft, and in due course presented it to the drawee for payment, and payment was refused; that the sum so advanced was not refunded, and the defendant refused to pay the same. The draft bore the following indorsement: "Pay to the order of any bank, banker, or trust company. (All prior indorsements guaranteed.) Feb. 8, 1915. Bank of Whigham, Whigham, Ga., E. B. Stapleton, Cashier." The case was tried by the judge of the city court upon an agreed statement of facts (set out in the following opinion), and he rendered judgment in favor of the defendant.

*E. K. Wilcox, Bell & Weathers,* for plaintiff.

*S. P. Cain, W. V. Custer,* for defendant.

HODGES, J. By agreement of counsel this case was tried before the judge of the city court of Cairo, upon the following agreed statement of facts, to wit: "That on the 8th day of February, 1915, O. D. Sellers drew the original draft for $300 on Pelham Oil & Fertilizer Company, upon which suit is brought, and placed the same with the Bank of Whigham, Georgia, to be collected and credited to his account; that at the time the said draft was left for collection with the Bank of Whigham the said bank was utterly insolvent, which said fact was unknown to the said O. D. Sellers, and said bank closed its doors on the 11th day of February, 1915; that the said O. D. Sellers received no credit upon his account with said bank, and that he received nothing of value from said bank for said draft, and when said bank failed he sustained a loss in the sum of $865.22, representing the balance upon his account when said bank closed its doors; that said Bank of Whigham was largely indebted to the Southern Bank & Trust Company, and said indebtedness amounted to $350.97 when it closed its business on the 6th day of February, 1915 (the 7th day of February, 1915, being Sunday); that said draft sued on was, according to the custom of banks, sent by said Bank of Whigham to Southern Bank & Trust Company for collection and credit, and was by said Southern Bank & Trust Company credited to said Bank of Whigham and forwarded in due course of business for collection; that the drawer of said draft, the defendant in this case, learning of the insolvency of said Bank of Whigham, on the 10th day of February, 1915, communicated with the drawee of said draft and instructed that the same be refused and not paid, and said draft was not

paid, and before its return in the usual course of business to the Southern Bank & Trust Company certain items were, on the morning of the 11th day of February, 1915, before the Bank of Whigham closed its doors, presented to the plaintiff by the Citizens Bank of Cairo, Georgia, against said Bank of Whigham, and the plaintiff, believing that the draft sued on would be paid by the drawee upon presentation, paid the items so presented by the Citizens Bank of Cairo, and charged the same to the account of the Bank of Whigham, and the balance of said last-mentioned bank was thereby reduced to $80.02. The draft sued on was dishonored and returned to the plaintiff unpaid, and upon its return the balance of said Bank of Whigham was applied on it, which leaves a balance of $219.98." The court rendered a judgment in favor of the defendant, and the plaintiff excepted.

The court did not err in the judgment rendered. "Where a check is indorsed to a bank 'for collection and credit for deposit' to the account of the payee, the bank is the agent of the payee to collect, and title to the check does not pass to the bank, in the absence of an agreement to that effect, evidenced otherwise than by the language of the indorsement." *Cronheim* v. *Postal Telegraph-Cable Co.*, 10 *Ga. App.* 716 (74 S. E. 78). The principle of that decision applies to the facts of this case.          *Judgment affirmed.*